IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE OWENS, | ) | CASE NO. 5:07 CV 1764 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| PATRICIA ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Michelle Owens for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Owens is incarcerated at the Ohio Reformatory for Women in Marysville, Ohio, where she is serving an aggregate term of 13 years in prison imposed in 2004 by the Summit County Court of Common Pleas after she pled guilty to various counts of attempted murder, burglary, arson, and theft.[3]

Owens here alleges that she was denied a right to direct appeal following her plea and that her sentence was improperly in excess of the statutory maximum.[4] The State contends

---

[1] ECF # 3.

[2] ECF # 1.

[3] ECF # 8 (state court record) at 10. I note that Owens's petition incorrectly omits that she pled guilty to theft charges. *See*, ECF # 1 at 1.

[4] ECF # 1 at 5.

that her petition should be dismissed as untimely, or, alternatively that it should be dismissed because both grounds were procedurally defaulted.[5]

Although Owens maintains in her traverse that she is entitled to equitable tolling,[6] I will recommend finding that the State's position is well-founded and that this petition should be dismissed as untimely filed.

### Facts

**A.    Underlying offenses/plea/sentence**

As the sentencing hearing establishes, Owens was involved with two other persons in a series of crimes stretching over approximately one year.[7] The group, which Owens was alleged to have led and included her husband at the time, broke into the homes of Owens's former husband and her former in-laws and robbed the business where she previously worked.[8] Owens also set fire to the home of her former husband, attempted to burn down the residence of a widowed neighbor of her ex-husband, and succeeded in setting fire to the home of her elderly former in-laws.[9] The last blaze was set at night while the couple was

---

[5] ECF # 7 at 6-14.

[6] ECF # 9 at 2-3.

[7] ECF # 8 at 52.

[8] *Id.* at 51-62.

[9] *Id.*

asleep and resulted in serious injuries to her former father-in-law, who fell and broke his pelvis as he was escaping onto the roof.[10]

Owens and three other co-defendants were indicted in November 2003 on a total of 12 separate counts for crimes arising out of these actions.[11] With cases against each defendant proceeding separately, Owens, represented by court-appointed counsel, first entered a plea of not guilty to all charges.[12] Later she changed her plea to guilty as part of a plea bargain whereby the State reduced some charges and dismissed others in return for her plea.[13]

Under that agreement, on May 26, 2004, Owens was sentenced to an aggregate term of 13 years in prison on all charges.[14] No immediate direct appeal was taken from the conviction or sentence.

**B.      Delayed direct appeal**

Instead, in October 2004, Owens, together with two of her co-defendants, filed a joint notice of appeal and motion for delayed appeal.[15] After the State filed a response noting that Ohio law has no provision for multiple defendants to file a common appeal when each was

---

[10] *Id.*

[11] *Id*. at 1-8.

[12] *Id.* at 9.

[13] *Id*. at 10-11.

[14] *Id*. at 12-15.

[15] *Id*. at 16-26.

convicted and sentenced in separate proceedings,[16] the appellate court on October 24, 2004, agreed with the State and dismissed the appeal, noting that in addition to the reason raised by the State, the appellants had shown no reason why they did not timely file for an appeal since the record showed that they were advised of the right to appeal at sentencing.[17] The record here does not show that any of the defendants appealed from this dismissal of their appeal.

## C.     Second delayed appeal

More than a year after that dismissal, and having made no other intervening filings in state court, Owens, *pro se,* individually filed a notice of appeal and motion for leave to file a delayed appeal.[18]  In that motion, Owens asserted that she was not informed at the sentencing hearing of her right to appeal that sentence, and further that under the "new" standard of *Blakely v. Washington*,[19] the trial court erred in imposing consecutive sentences based on facts not found by a jury nor admitted by her.[20]

The State, in response, argued that Owens, having filed for a delayed appeal before which was dismissed, is now barred by *res judicata* from seeking to either raise again any reason why her appeal was not timely filed or to raise the substantive claims she could have

---

[16] *Id*. at 27-28.

[17] *Id*. at 38-39.

[18] *Id.* at 40-46.

[19] *Blakely v. Washington*, 542 U.S. 296 (2004).

[20] ECF # 8 at 43-45.

asserted earlier.[21] The Ohio appeals court agreed with the State, dismissing the appeal and observing that Ohio Appellate Rule 5(A) does not provide for multiple motions for delayed appeal.[22]

Owens, *pro se*, did timely appeal this dismissal to the Supreme Court of Ohio.[23] The State waived a response and, on July 5, 2006, the Ohio Supreme Court denied Owens leave to appeal, dismissing this appeal as not involving any substantial constitutional question.[24] The record does not show that Owens sought a writ of certiorari from the United States Supreme Court.

### D.     Federal habeas petition

On June 7, 2007,[25] Owens filed the present petition for federal habeas relief, raising the following two grounds for relief:

1. Petitioner was denied the constitutional right to a direct appeal of her consecutive sentences in violation of the Sixth and Fourteenth Amendments of the United States Constitution.[26]

---

[21] *Id*. at 83-84.

[22] *Id*. at 87-88.

[23] *Id*. at 89-99.

[24] *Id.* at 107.

[25] *See*, ECF # 1 at 7.  This is the date Owens signed the petition.  It was filed with this Court on June 14, 2007.  The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court.  *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

[26] ECF # 1 at 8.

    2.       The trial court violated the petitioners (sic) Constitutional rights to due process of law when it sentenced the petitioner to consecutive sentences that exceeded the statutory maximum of the petitioners (sic) convictions.[27]

As noted earlier, the State contends that the petition is time-barred, inasmuch as more than a year elapsed between the dismissal of Owens's first delayed direct appeal in October, 2004, and the filing of her second delayed appeal in February, 2006, that period of inaction thus consuming the entire federal one-year time period for filing a habeas petition after a conviction becomes final.[28] The State further argues that Owens is not entitled to a later starting date for the federal limitations period nor to equitable tolling.[29] Alternatively, the State maintains that both grounds are procedurally defaulted because both are unexhausted and no further state remedies are available.[30]

Owens, in her traverse, contends that she is entitled to two years of equitable tolling after the expiration of her federal one-year limitations period, which, she asserts, now makes this petition timely.[31] Moreover, she asserts that any procedural default should be excused because she was without counsel to file a timely appeal.[32]

---

[27] *Id*. at 9.

[28] ECF # 8 at 8.

[29] *Id*. at 9-10.

[30] *Id*. at 11-12.

[31] ECF # 9 at 3.

[32] *Id*. at 4-5.

## Analysis

### A.     Standard of review – timeliness and equitable tolling

The federal statute governing petitions for the writ prescribes, among other things, that such petitions must be filed within one year of the petitioner's conviction becoming final.[33] The statute further provides that the one-year limitations period may be tolled by the time a properly filed application for postconviction relief is pending in state courts.[34]

Initially, in computing the one-year limitations period, the United States Supreme Court has recently held that the 90-day period within which a petitioner may seek a writ of certiorari from that Court does not affect the start of the one-year statutory habeas limitations period.  In *Lawrence v. Florida*,[35] the Court concluded that, because its proceedings are not part of a state's postconviction review process, the statute's tolling provision, specifically applicable only to properly-filed state postconviction applications, is not triggered by filing a petition for a writ of certiorari in that Court.[36]

Next, as to state postconviction filings themselves, courts are clear that an application for state postconviction relief that is not timely filed may not statutorily toll the federal habeas limitations period since time limits are a condition to proper filing.[37]  Moreover, even

---

[33] 28 U.S.C. § 2244(d)(1)(A).

[34] 28 U.S.C. § 2244(d)(2).

[35] *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079 (2007).

[36] *Id*. at 1083-84.

[37] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

if the state postconviction petition is properly filed, the limitations period will only be tolled during such time as that application is pending before the state court; even a properly filed application does not restart the federal habeas limitations clock afresh.[38]

Even if statutory tolling is not available, however, a petitioner may be entitled to equitable tolling of the federal habeas time limitation period under limited circumstances.[39] The Court in *Lawrence* stated that a federal habeas petitioner seeking equitable tolling must show "'(1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[40]

Notwithstanding that the Supreme Court has not directly held that equitable tolling is available to a habeas petitioner, the Sixth Circuit has concluded that equitable tolling is available in habeas cases[41] and would be evaluated according to the rubric of *Andrews v. Orr*.[42] According to that test, factors to be considered in evaluating a claim of equitable tolling are: "(1) lack of actual notice of filing requirement; (2) lack of constructive notice

---

[38] *See*, *Waldron v. Jackson*, 348 F. Supp. 2d 877, 883 (N.D. Ohio 2004).

[39] *See*, *Lawrence*, 127 S. Ct. at 1085 ("We have not decided whether § 2244(d) allows for equitable tolling."); *Pace*, 544 U.S. at 418 n.8. The Supreme Court in *Lawrence* and *Pace* stated explicitly that it has not determined whether equitable tolling is applicable to the AEDPA statute of limitations. But in both cases the Court was willing to assume that equitable tolling was available for the limited purpose of showing that the petitioners were not entitled to such tolling.

[40] *Lawrence*, 127 S. Ct. at 1085, quoting *Pace*, 544 U.S. at 418.

[41] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *see also*, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

[42] *Keenan*, 400 F.3d at 421 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."[43] The Sixth Circuit has also stated that these specified factors are not comprehensive or always relevant but that equitable tolling claims are to be evaluated on a case-by-case basis.[44]

In addition to these factors, the Sixth Circuit has also held that equitable tolling of the habeas limitations statute may be available upon a "credible showing of actual innocence"[45] pursuant to the standard put forward in *Schlup v. Delo*.[46] Under this test, a petitioner whose claim is otherwise time-barred will be permitted to have his claim heard on the merits if he can demonstrate, through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.[47] To that end, the Sixth Circuit has clarified that actual innocence here means factual innocence, not legal insufficiency.[48]

---

[43] *Id*.

[44] *Id*., citing *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

[45] *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005).

[46] *Schlup v. Delo*, 513 U.S. 298 (1995).

[47] *Souter,* 395 F.3d at 590 (citing *Schlup*, 513 U.S. at 327).

[48] *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

**B.     Owens's petition is untimely.**

I note initially that the untimeliness of this petition is essentially undisputed. As discussed earlier, Owens filed this petition after her second state delayed appeal was denied, and that denial occurred after a period greater than one year had elapsed between the denial of her first delayed state appeal and the filing of her second. As such, since the second delayed appeal did not start a new federal one-year limitations clock, this petition was filed outside of the one-year limitations period and would thus be untimely, absent some equitable tolling or other factor.

**C.     The untimeliness is not excused by any equitable tolling.**

Although Owens asserts that she is entitled to equitable tolling, that assertion has no merit. Her argument in the traverse is a general, unfocused attempt to claim that the limitations period here should start June 1, 2004 and that she should then be entitled to equitable tolling until her petition was actually filed in 2007, citing the time during which her second delayed appeal was pending in state court and claiming that the State has not shown it would be prejudiced by tolling.[49]

Owens misapprehends the standard for equitable tolling and its application. First, as observed before, the second delayed appeal occurred after the one-year limitations period had already elapsed. Therefore, that state appeal neither tolled the already expired limitations period nor started a new limitations period.

---

[49] ECF # 9 at 3.

Further, as the Sixth Circuit observed in discussing the factors concerning equitable tolling, not every factor will even be relevant in every case.[50] Because Owens has cited nothing from the one-year period between her two delayed appeals that could be the basis for equitably tolling during that specific time period, there is no ground for equitable tolling that must now be evaluated in light of possible prejudice to the State. Thus, the contention by Owens concerning the absence of a showing of prejudice is, therefore, simply irrelevant.

I, therefore, recommend finding that equitable tolling is not applicable to this petition.

## Conclusion

For the foregoing reasons, I recommend finding that this petition is untimely filed and that equitable tolling is not applicable in this case. Accordingly, I also recommend that this petition be dismissed.

Dated:                                      s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[51]

---

[50] *See*, *Keenan*, 400 F.3d at 421, citing *King*, 378 F.3d at 553.

[51] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).